IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RALPH LYNCH,

 Petitioner,

 v.            Case No. 2:07-cv-948
                  JUDGE GREGORY L. FROST
STUART HUDSON, Warden,     Magistrate Judge E.A. Preston Deavers

 Respondent.

## OPINION AND ORDER

  The Court entered final judgment dismissing the instant capital habeas corpus petition on September 28, 2011. (ECF No. 69.) Petitioner filed a notice of appeal on October 26, 2011. (ECF No. 70.) This matter is now before the Court on Petitioner's motions to alter, amend, or correct the Court's judgment (ECF No. 71) and to stay this matter and hold the proceedings in abeyance (ECF No. 72).

  In *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011), the Supreme Court granted *certiorari* to resolve two questions, the first of which was "whether review under § 2254(d)(1) permits consideration of evidence introduced in an evidentiary hearing before the federal habeas court." *Id*. at 1398. In *Pinholster*, the district court and then the United States Court of Appeals for the Ninth Circuit, sitting *en banc*, had held that a California state court's decision rejecting Pinholster's ineffective assistance claim was contrary to or involved an unreasonable application of clearly established federal law and warranted habeas corpus relief on the basis of evidence developed during a federal evidentiary hearing. The Supreme Court reversed, holding "that review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Id*. Noting that "[o]ur cases emphasize that review under § 2254(d)(1) focuses on what a state court knew and did," the Supreme Court remarked that "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court." *Id*. at 1399.

"[H]old[ing] that evidence introduced in federal court has no bearing on § 2254(d)(1) review," the Supreme Court made clear that, "[i]f a claim has been adjudicated on the merits by a state court, a federal habeas petitioner must overcome the limitation of § 2254(d)(1) on the record that was before that state court." *Id*. at 1400. This Court in its September 28, 2011 Opinion and Order denying Petitioner habeas corpus relief applied *Pinholster* to preclude consideration of the findings of neuropsychologist Dr. Michael Gelbort that Petitioner developed and presented for the first time in this proceeding. (ECF No. 68.)

In his motion to alter or amend the judgment, Petitioner asserts that this Court erred in applying *Pinholster* to the instant petition. (ECF No. 71, at 3.) Petitioner argues that it was error because he "did all that he could do to obtain funding for Dr. Gelbort from the state courts, but was unsuccessful through no fault of his own." (*Id*.) The gravamen of Petitioner's argument is that systemic inadequacies in Ohio's postconviction procedure deprived him of the full and fair opportunity to develop evidence and present his claim that California's postconviction procedures allowed the petitioner in *Pinholster*. Petitioner thus reasons that "[i]t cannot possibly be that the Supreme Court in Pinholster meant for a petitioner in Lynch's situation to be denied the right to utilize the services of such an expert." (*Id*. at 4.) To that point, Petitioner emphasizes that application of *Pinholster* in such a manner penalizes indigent defendants in violation of the Equal Protection Clause. "Had Lynch not been indigent," Petitioner asserts, "he could have retained the services of Dr. Gelbort during the state post-conviction proceedings and his opinion would be part of the record before this Court." (*Id*. at 5.) Petitioner proceeds to argue as he did in his petition that he met his burden of establishing that he is mentally retarded and accordingly ineligible for the death penalty. (*Id*. at 5-8.)

Respondent opposes Petitioner's motion. "As a threshold matter," Respondent begins, "the Court is without jurisdiction because Lynch filed a notice of appeal post-judgment but prior to filing his motion to alter or amend." (ECF No. 74, at 1.) Respondent argues in the alternative

that this Court should deny Petitioner's motion because by merely rehashing the same arguments that he raised before, Petitioner "fail[s] to provide any appropriate rationale to alter or amend judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure." (*Id*.) Respondent proceeds to assert that even assuming the Court could consider Dr. Gelbort's findings, that new evidence does not advance Petitioner's claim. (*Id*. at 10-12.)

In reply, Petitioner begins by insisting that Fed. R. App. P. 4(a)(4)(B)(I) vests this Court with jurisdiction over Petitioner's Rule 59 motion to alter or amend the judgment. (ECF No. 79, at 2.) Petitioner proceeds to argue that he did provide a basis for this Court to alter or amend the judgment. In particular, Petitioner asserts that he "has not had the opportunity to present the arguments in his Rule 59(e) motion relating to the specific findings of this court regarding the effect of Pinholster and the mental retardation claim." (*Id*. at 3.) Petitioner reasons that *Pinholster* should not erect a barrier to consideration of Dr. Gelbort's materials because Petitioner did not fail to present those materials to the state courts; rather, "he was forestalled from presenting the materials." (*Id*.) Petitioner adds that he did make a new argument in support of his mental retardation claim, specifically challenging as "factually incorrect" this Court's conclusion that under the standard error of measurement, it was as equally plausible that Petitioner's IQ was as high at 77 as it was that his IQ was as low as 67. (*Id*. at 5-6 (quoting ECF No. 68, at 45).) Petitioner also argues that Respondent's position regarding this Court's application of *Pinholster* lacks merit and that Dr. Gelbort's materials do advance Petitioner's mental retardation claim. (*Id*. at 6-10.)

Two days after filing his motion to alter or amend, Petitioner filed a motion to stay this matter and hold the proceedings in abeyance in order to permit him to exhaust his new evidence in the state courts. (ECF No. 72.) Petitioner emphasizes that although he does not concede that *Pinholster* precludes consideration of Dr. Gelbort's findings, "due to this Court's Opinion and out of an abundance of caution, counsel for Mr. Lynch filed a post-conviction petition with the

3

Hamilton County Court of Common Pleas to address the evidence ascertained in Dr. Gelbort's report." (*Id*. at 2-3.)

Respondent opposes Petitioner's motion. First, Respondent argues that this Court is without jurisdiction over the motion, by virtue of Petitioner having first filed a notice of appeal. (ECF No. 75, at 2-3.) Respondent in the alternative asserts that the Court should deny Petitioner's motion, not only because it is unsupported by any authority allowing for stay and abeyance, but also because Petitioner was dilatory in initiating his new postconviction action in the state trial court. (*Id*. at 4-9.)

In reply, Petitioner begins by reiterating his argument that Fed. R. App. P. 4(a)(4)(B)(I) vests this Court with jurisdiction to entertain the instant motion even in the wake of Petitioner having filed a notice of appeal. (ECF No. 78, at 2-3.) Petitioner next takes aim at Respondent's inconsistency in arguing on the one hand that the claims that Petitioner identified as his basis for the requested stay and abeyance–claims in support of which Petitioner offers Dr. Gelbort's findings–were already exhausted and on the other hand that this Court cannot consider Dr. Gelbort's findings by virtue of the fact that Petitioner did not exhaust them in the state courts. (*Id*. at 3-4.) After explaining why Dr. Gelbort's findings have merit, Petitioner concludes by declaring that Respondent's "argument that Petitioner was intentionally dilatory in pursuing his additional postconviction petition is as absurd as it is insulting." (*Id*. at 4.)

As a threshold matter, the Court concludes that it has jurisdiction to rule on Petitioner's motion to alter or amend. Rule 4(a)(4) of the Federal Rules of Appellate Procedure provides in relevant part:

(A)  If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:

. . .

(iv)  to alter or amend the judgment under Rule 59[.]

4

Fed. R. App. P. 4(a)(4)(A)(iv). Under the most recent version of Fed. R. Civ. P. 59(e), a motion to alter or amend is timely if filed within 28 days of the date the Court enters judgment. Petitioner filed his Rule 59 motion within that time limit, thus providing this Court with jurisdiction to rule on his motion. *See, e.g., United States v. Real Prop. Located at U.S. Highway South*, 23 F App'x 523, 526 (6th Cir. 2001) (holding that although the filing of a notice of appeal normally divests a district court of control over the aspects of the case implicated by the appeal, a timely filed motion to alter or amend the judgment tolls the running of the time to file a notice of appeal); *Johnson v. Epps*, 35 F.3d 566, 1994 WL 445098, at *1 (6th Cir. 1994) (unpublished table decision) ("A notice of appeal filed before or during the pendency of a timely motion to alter or amend is ineffective.").

Respondent premises his argument that this Court is without jurisdiction to entertain the instant motion on the notion that "Rule 4 of the Federal Rules of Appellate Procedure would not postpone the transfer of jurisdiction because Lynch filed his notice after the Court's judgment while there was no *pending* motion before the Court." (ECF No. 74, at 2.) The statutory language contains no such precondition or restriction and Respondent offers no authority in support of this interpretation. In fact, the rules speak to the instant scenario, expressly providing for what becomes of a notice of appeal filed prior to disposition of a motion to alter or amend. Rule (4)(a)(4)(B)(i) states that "[i]f a party files a notice of appeal after the court announces or enters a judgment–but before it disposes of any motion listed in Rule 4(a)(4)(A)–the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."

The Court finds a bit murkier the question of whether it has jurisdiction to consider Petitioner's motion for stay and abeyance. That said, both parties note that the Sixth Circuit sent a letter indicating that it would hold Petitioner's appeal in abeyance until this Court rules on the *motions* pending before it. Although the Sixth Circuit referenced the motions identified in Fed.

R. App. P. 4(a)(4)(A), which includes a Rule 59(e) motion to alter or amend but not a motion for stay and abeyance, the fact that the Sixth Circuit referenced "motions" in the plural gives rise to a reasonable inference that this Court, at least in the Sixth Circuit's view, has jurisdiction to rule on both motions. The Court is satisfied that it has jurisdiction to rule on both of Petitioner's motions.

Rule 59(e) relief is available to correct a clear error of law, to give effect to an intervening change in controlling law or newly discovered evidence, or to prevent a manifest miscarriage of justice. *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A motion to alter or amend judgment pursuant to Rule 59(e) is not an opportunity to re-argue the same facts, law, or evidence. Thus, a petitioner should not use a Rule 59(e) motion to present arguments that could and should have been raised during the litigation. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Similarly, a Rule 59(e) motion is not the proper vehicle for arguments better suited for appeal. *See Keweenaw Bay Indian Cmty. v. Michigan*, 152 F.R.D. 562, 563 (W.D. Mich. 1992) ("Where the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal.").

Petitioner's argument challenging this Court's application of *Pinholster* is one more suited for appeal, especially in view of the procedural posture of this case. Because this Court has already issued final judgment rejecting Petitioner's claims and dismissing this case, the court most suited to determined whether this Court erred in applying *Pinholster* is the Sixth Circuit, not this Court.

The same reasons that render altering or amending final judgment inappropriate also render inappropriate staying this case and holding the proceedings in abeyance. Petitioner has made his arguments. This Court has rejected them. It is time for him to take his case to the Court of Appeals for the Sixth Circuit. The Court expresses no opinion about the merits of either

of Petitioner's motions and nothing in this order prohibits Petitioner from pursuing remedies in the state courts.

For the foregoing reasons, the Court **DENIES** Petitioner's motions to alter or amend the judgment (ECF No. 71) and to stay this matter and hold the proceedings in abeyance (ECF No. 72).

**IT IS SO ORDERED.**

   /s/   Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE