# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

RALPH LYNCH,

        Petitioner,    :    Case No. 2:07-cv-948

- vs -    District Judge Michael R. Barrett
    Magistrate Judge Michael R. Merz

STEWART HUDSON, Warden,

    :

        Respondent.

## REPORT AND RECOMMENDATIONS

This capital habeas corpus case is before the Court on Petitioner's Motion to Alter and Amend under Fed. R. Civ. P. 59(e) (ECF No. 104) and the Warden's Response in Opposition (ECF No. 105).  Petitioner filed no reply within the time allowed by S. D. Ohio Civ. R. 7.2.

Post-judgment motions such as this one are deemed referred to magistrate judges under 28 U.S.C. § 636(b)(3) for a recommendation.

**Procedural History**

Judge Frost entered final judgment denying habeas corpus relief in this case on September 28, 2011, but granted a certificate of appealability on  Grounds for Relief One, Two, Five, Seven, Eight, Ten, Eleven, and Thirteen (ECF No. 68, PageID 1219).  Lynch appealed and while the appeal was pending, filed a post-conviction petition in the Hamilton County Court of Common Pleas.  After the unsuccessful conclusion of those proceedings, he requested and

1

received a remand from the Sixth Circuit (ECF No. 87). Judge Frost then established a briefing schedule on "the remand issue." (ECF No. 89). That issue, as Judge Frost apparently understood it, is whether this Court could consider the Affidavit and Report of Michael M. Gelbort, Ph.D., (the "Gelbort Affidavit") on a number of Lynch's grounds for relief. After briefing, Judge Frost decided that use of the Gelbort Affidavit was precluded by *Cullen v. Pinholster*, 563 U.S. 170 (2011). *Lynch v. Hudson*, 2016 U.S. Dist. LEXIS 53430 (S.D. Ohio Apr. 21, 2016). The instant Motion followed.

## Analysis

Motions under Fed. R. Civ. P. Rule 59(e) must establish either a manifest error of law or must present newly discovered evidence. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)(citation omitted). Petitioner's Motion presents no new evidence, but claims manifest error of law in Judge Frost's decision "in which it [was] determined that the recent Supreme Court decisions involving intellectual disability could not be considered." (ECF No. 104, PageID 1968, referring to *Hall v. Florida*, 134 S. Ct. 1986 (2014), and *Brumfield v. Cain,* 135 S. Ct. 2269 (2015). Judge Frost considered this question outside the scope of the remand. He wrote:

> Petitioner asserts in his Reply that even if *Pinholster* precludes consideration of Dr. Gelbort's materials on that issue, this Court should nonetheless re-visit its decision denying his claim because "the Supreme Court cases decided since this Court's initial opinion support the conclusion that Lynch suffers from significantly subaverage intellectual functioning." (ECF No. 100, at Page ID # 1949 (discussing *Hall v. Florida,* 134 S.Ct. 1986, 188 L. Ed. 2d 1007 (2014); and *Brumfield v. Cain*, 135 S.Ct. 2269, 192 L. Ed. 2d

2

> 356 (2015).) The Court will not address that argument, as it falls outside the scope of the Sixth Circuit's limited remand.

*Lynch, supra* at *13.

Petitioner argues this was manifest error because "the Sixth Circuit order remanding this case did not contain any such limiting language." (ECF No. 104, PageID 1969).  The full text of the Remand Order reads:  "Upon consideration of Appellant's motion to remand, the response and reply thereto, It is ORDERED that the motion be, and it hereby is, GRANTED and this appeal is Remanded to the U.S. District Court." (ECF No. 87, PageID 1437.)

28 U.S.C. § 2106 authorizes federal courts of appeal to order limited or general remands. *United States v. Hunter*, 646 F.3d 372 (6th Cir. 2011).  The *Hunter* court continued:

> "A limited remand must explicitly outline the issues to be addressed by the district court and create a narrow framework within which the district court must operate." *United States v. Obi*, 542 F.3d 148, 154 (6th Cir. 2008) (citation and internal quotation marks omitted). "General remands, in contrast, give district courts authority to address all matters as long as remaining consistent with the remand." *Id*. (citation omitted); see *United States v. Garcia-Robles,* 640 F.3d 159, 2011 U.S. App. LEXIS 9538, No. 09-1980, 2011 WL 1753303, at *5 (6th Cir. May 10, 2011).

*Id.* at 374.  Based on the cited authority, the remand here should be read as a general remand.

But it appears the parties and the Court did not treat it that way.  Judge Frost's Scheduling Order gives the Petitioner "to and including July 2, 2015, to file his brief on the remand issue and affected claims;" (ECF No. 89, PageID 1439).  In his "Merit Brief on the Remand Issue," Lynch noted that

> This Brief addresses only the grounds for relief that incorporate Dr. Gelbort's affidavit and report that this Court did not consider for the Opinion and Order of September 28, 2011. Lynch is not

3

>     waiving the grounds for relief that were briefed in the Merit Brief
>     filed November 24, 2010, that are not contained in the instant brief.

*Id.* at PageID 1460.  In the body of the Merit Brief, Lynch argues Grounds for Relief One, Seven, Eight, Nine, and Ten anew as if the Gelbort Affidavit were part of the evidence being considered.  The Warden argued *Pinholster* still precludes this Court from considering the Gelbort Affidavit on the merits and noted that Lynch had only presented his Seventh Ground for Relief in the successor post-conviction petition in Hamilton County (ECF No. 95, PageID 1907.)

Only in his Reply Memorandum, amidst twelve pages of argument about the Gelbort Affidavit, does Lynch suggest the basis for relief he argues in the instant Motion:

> Even if this Court determines that Dr. Gelbort's report cannot be considered, the Supreme Court cases decided since this Court's initial opinion support the conclusion that Lynch suffers from significantly subaverage intellectual functioning.
>
> In *Hall v. Florida,* 134 S.Ct. 1986 (2014), the Court held that the defendant's IQ of 71 did not preclude a finding that he suffered from intellectual disability. The Court cited to the fact that "[e]ach IQ test has a "standard error of measurement." *Id.* at 1995. "By failing to take into account the SEM and setting a strict cutoff at 70, Florida "goes against the unanimous professional consensus."" *Id.* at 2000. "Florida's rule misconstrues the Court's statements in Atkins that intellectual disability is characterized by an IQ of "approximately 70."" *Id.* at 2001. (citing *Atkins*, 536 U.S. at 308, n.3.). The Court held in *Brumfield v. Cain*, 135 S.Ct. 2269 (2015), that "To conclude, as the state trial court did, that Brumfield's reported IQ score of 75 somehow demonstrated that he could not possess subaverage intelligence therefore reflected an unreasonable determination of the facts." *Id.* at 2278.
>
> With Lynch, his IQ score of 72 obtained at trial and relied upon by both experts at the evidentiary hearing, (PC Evid. Hg. Tr. at 28, 107), must be looked at through the lens of the holdings in *Atkins*, *Hall* and *Brumfield* and account for measurement error. In so doing, the result is that he established the requirement of significantly subaverage intellectual functioning.

(ECF No. 100, PageID 1949-50).  This is the portion of the Reply to which Judge Frost adverted

when he stated that this argument was beyond the scope of the remand.

These paragraphs assume without even arguing that *Hall* and *Brumfield*, decided in 2014 and 2015 respectively, apply to this case, in which the conviction became final February 28, 2007, when the Ohio Supreme Court declined jurisdiction over an appeal from the denial of post-conviction relief. *State v. Lynch*, 112 Ohio St. 3d 1491 (2007). Subject to two narrow exceptions not applicable here, a case that is decided after a defendant's conviction and sentence become final may not provide the basis for federal habeas relief if it announces a new rule. *Graham v. Collins*, 506 U.S. 461 (1993); *Stringer v. Black,* 503 U.S. 222 (1992); *Teague v. Lane*, 489 U.S. 288 (1989). A Supreme Court decision announces a new rule where the issue addressed was susceptible to debate among reasonable minds. *Butler v. McKellar,* 494 U.S. 407, 412-415 (1990). A new rule is "a rule that ... was not *dictated* by precedent existing at the time the defendant's conviction became final." *Saffle v. Parks*, 494 U.S. 484, 488 (1990), *quoting Teague v. Lane*, 489 U.S. 288, 301 (1989)(emphasis in original). The decision in *Hall* announces a new rule – a binding presumption against intellectual disability when a person scores above 70 on an IQ test is unconstitutional. *Brumfield* does not announce a new rule but found an unreasonable determination of the facts decision under § 2254(d)(2).

Although this case is before the Court on a general remand and the Court could therefore modify its judgment under appropriate circumstances, Lynch has never moved the Court under Fed. R. Civ. P. 60(b) to grant relief from its judgment under *Hall* or *Brumfield*. Even if such a motion were made, it would not be well taken because *Hall* and *Brumfield* do not apply retroactively to this case. The Motion to Amend the Judgment for manifest error of law should therefore be DENIED.

June 13, 2016.                                              s/ *Michael R. Merz*
                                                                United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).