# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

RALPH LYNCH,

        Petitioner,     :     Case No. 2:07-cv-948

 - vs -                         District Judge Michael R. Barrett
                                Magistrate Judge Michael R. Merz

STEWART HUDSON, Warden,

                             :

        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS; SCHEDULING ORDER

This capital habeas corpus case is before the Court on Petitioner's Motion to Alter and Amend under Fed. R. Civ. P. 59(e) (ECF No. 104). The Magistrate Judge recommended denying the Motion ("Report," ECF No. 106), Petitioner has objected (ECF No. 107), the Warden has responded to the Objections (ECF No. 108), and District Judge Barrett has recommitted the matter for reconsideration in light of the Objections (ECF No. 109).

**Standard of Review**

Because a motion to amend the judgment under Fed. R. Civ. P. 59(e) is a post-judgment motion and not a pre-trial matter, it is deemed referred to an assigned magistrate judge under 28 U.S.C. § 636(b)(3). Therefore the standard of review by the District Judge is, as Petitioner asserts, de novo.

1

**Scope of the Sixth Circuit Remand**

The Report concluded that the Sixth Circuit Remand Order in this case (*Lynch v. Hudson*, Case No. 11-4175 (6th Cir. Mar. 19, 2015)(unreported, copy at ECF No. 87) should be read as a general, rather than a limited, remand (Report, ECF No. 106, PageID 1978).  Neither party has objected to that conclusion and the Magistrate Judge will therefore proceed by treating that conclusion as part of the law of this case.

**Issue Presented by the Motion to Amend the Judgment**

Lynch asserts Judge Frost committed clear error when he refused to apply *Hall v. Florida,* 134 S. Ct. 1986 (2014), and *Brumfield v. Cain*, 135 S. Ct. 2269 (2015), to this case (Motion, ECF No. 104, PageID 1969).  The Report found that, although the Sixth Circuit remand was a general remand, the parties had not treated it that way in their briefing before Judge Frost (Report, ECF No. 10, PageID 1978).  Instead, Petitioner made only a brief argument about *Hall* and *Brumfield* in his Reply Brief (ECF No. 100, PageID 1949-50).  Almost all of his argument was devoted to considering the Gelbort Affidavit despite *Cullen v. Pinholster,* 563 U.S. 170 (2011), an issue Judge Frost decided against him and which is **not** the subject of the motion amend.

The Magistrate Judge recommended denying the Motion to Amend (and any hypothetical Fed. R. Civ. P. 60(b) motion based on *Hall* or *Brumfield*) because those cases "do not apply retroactively to this case." (ECF No. 106, PageID 1980).  That is the conclusion to which Lynch

2

objects (Objections, ECF No. 107, PageID 1985-88).

**Is Petitioner Intellectually Disabled?**

The Objections spend three pages summarizing the evidence that Petitioner Ralph Lynch is intellectually disabled (Objections, ECF No. 107, PageID 1983-85)

**Do *Hall* and *Brumfield* Apply Retroactively to this Case?**

The Report found that Lynch's conviction became final February 28, 2007, and *Hall* and *Brumfield* were decided in 2014 and 2015 respectively (ECF No. 106, PageID 1980). The Report sets out the Magistrate Judge's general understanding of the law of retroactivity and its application in this case as follows:

> Subject to two narrow exceptions not applicable here, a case that is decided after a defendant's conviction and sentence become final may not provide the basis for federal habeas relief if it announces a new rule. *Graham v. Collins*, 506 U.S. 461 (1993); *Stringer v. Black*, 503 U.S. 222 (1992); *Teague v. Lane,* 489 U.S. 288 (1989). A Supreme Court decision announces a new rule where the issue addressed was susceptible to debate among reasonable minds. *Butler v. McKellar,* 494 U.S. 407, 412-415 (1990). A new rule is "a rule that ... was not *dictated* by precedent existing at the time the defendant's conviction became final." *Saffle v. Parks*, 494 U.S. 484, 488 (1990), quoting *Teague v. Lane,* 489 U.S. 288, 301 (1989)(emphasis in original). The decision in *Hall* announces a new rule – a binding presumption against intellectual disability when a person scores above 70 on an IQ test is unconstitutional. *Brumfield* does not announce a new rule but found an unreasonable determination of the facts decision under § 2254(d)(2).

(Report, ECF No. 106, PageID 1980.)

Lynch takes issue with the conclusion that *Hall* stated a new rule (Objections, ECF No.

3

107, PageID 1986). Instead, the relevant new rule was stated in *Atkins v. Virginia*, 536 U.S. 304 (2002). In *Hall*, Lynch asserts, the Supreme Court "utilized the holding from *Atkins*" to hold unconstitutional the Florida rule which created a conclusive presumption against intellectual disability when a habeas petitioner scored higher than 70 on an IQ test (Objections, ECF No. 107, PageID 1986). Lynch claims "[t]he holding in *Hall* was dictated by the ruling in *Atkins*. . ." *Id.* Lynch notes that neither *Hall* nor *Brumfield* mentions *Teague*. *Id.* Furthermore, Lynch says we are bound by precedent since the Sixth Circuit has applied both *Hall* and *Brumfield* retroactively. *Id.* at 1987, citing *Van Tran v. Colson*, 764 F.3d 594 (6th Cir. 2014), and *Williams v. Mitchell,* 792 F.3d 606 (6th Cir. 2015). Lynch argues we should be persuaded by decisions from other jurisdictions (Objections, ECF No. 107, PageID 1987, citing *White v. Commonwealth,* 2016 Ky. LEXIS 169 (Ky. Sup. Ct., May 5, 2016), and *Oats v. State,* 181 So. 3d 457 (Fl. Sup. Ct. 2015). Finally Lynch argues the Report's conclusion is at odds with what the Supreme Court actually did in *Brumfield* where it applied *Hall* to a conviction which had become final before *Hall* was decided (Objections, ECF No. 107, PageID 1988).

Without question *Atkins* stated a new rule: persons who are mentally retarded[1] may not constitutionally be executed. That rule was applicable to cases on collateral review because:

> in *Penry v. Lynaugh*, when the question was last before it, the Court recognized that a constitutional rule barring execution of the retarded would fall outside *Teague v. Lane*'s ban on retroactive application of new constitutional rules because it placed the ability to execute the retarded "beyond the State's power." 492 U.S. 302, 330, 106 L. Ed. 2d 256, 109 S. Ct. 2934 (1989) (discussing *Teague*, 489 U.S. 288, 301-02, 103 L. Ed. 2d 334, 109 S. Ct. 1060 (1989)).

*Hill v. Anderson,* 300 F.3d 679, 681 (6th Cir. 2002). *Atkins* stated a new substantive rule of constitutional law and thus came within an exception to *Teague*'s non-retroactivity framework.

---

[1] The more modern and respectful term for "mental retardation" is "intellectual disability," but "mental retardation" was the term in use when *Atkins* was handed down.

4

But the fact that *Atkins* stated a new rule does not mean that decisions less sweeping that *Atkins* do not announce new rules.

In contrast, for example, *United States v. Booker*, 543 U.S. 220 (2005), which held that the Sentencing Guidelines would be unconstitutional if treated as mandatory, stated a new procedural rule.  Because it was not a new "watershed" procedural rule, it did not apply retroactively to cases on collateral review.  *Humphress v. United States,* 398 F.3d 855 (6th Cir. 2005).  As the *Humphress* court put it, a rule is new if it was not dictated by precedent at the time a conviction became final.  *Id.*  at 860, quoting *Beard v. Banks,* 542 U.S. 406 (2004).  A new rule is dictated by precedent if the unlawfulness of a conviction would have been "apparent to all reasonable jurists." *Beard*, 124 S. Ct. at 2511, quoting *Lambrix v. Singletary*, 520 U.S. 518, 527-28 (1997).

The Magistrate Judge disagrees with Lynch's assertion that the result in *Hall* was dictated by *Atkins* or that the unlawfulness of Hall's death sentence would have been "apparent to all reasonable jurists."  Justice Kennedy does not claim that the *Hall* result was thus dictated, nor does he opine that any reasonable jurist would have understood Hall's death sentence was unconstitutional in light of *Atkins*.

Nevertheless, this Court cannot rely on its own analysis of retroactivity, but must follow circuit precedent.  *Van Tran v. Colson*, 764 F.3d 594 (6th Cir. 2014), is a capital habeas corpus case arising from a Tennessee conviction.  In *Van Tran*, the Sixth Circuit did not decide explicitly that *Hall* was to be applied retroactively, but in fact cited *Hall* (1) for the change in description of the condition at issue from "mental retardation" to "intellectual disability,"  764 F. 3d at 597; (2) for its reiteration of the *Atkins'* holding that the Constitution prohibits the execution of intellectually disabled persons *id.*  at 604; (3) for its elucidation of the "vague

5

command" in *Atkins* that the States were to develop ways to enforce the prohibition *id.;* (4) for its "reason[ing]" that "the Constitution requires the courts and legislatures to follow clinical practices in defining intellectual disability" *id.* at 612.

*Williams v. Mitchell,* 792 F.3d 606 (6th Cir. 2015), was likewise a capital habeas corpus case citing *Hall* for the proposition that a State's test for intellectual disability under *Atkins* may not run counter to the clinical definitions of that condition "cited throughout *Atkins*." The *Williams* court did not expressly discuss whether *Hall* is to be applied retroactively, but simply proceeded to apply it. The court remanded the case for issuance of a conditional writ to prohibit Williams' execution unless his *Atkins* petition was properly assessed, holding that the prior state court assessment was contrary to clearly established federal law," citing *Hall*.

The Sixth Circuit has held that clearly established law means the law that existed at the time of the last state court adjudication on the merits. *Bunch v. Smith*, 685 F.3d 546, 549 (6th Cir. 2012), *citing Greene v. Fisher*, 565 U.S. 34 (2011). Plainly, *Hall* had not been decided at the time the state court acted in *Williams*. The decision in *Williams* does not cite either *Bunch* or *Greene*, but the conclusion is inescapable that the Sixth Circuit applied *Hall* in deciding the state court decision in *Williams* was contrary to clearly established federal law. This Court is bound by *Williams*. *Contra In re Henry*, 757 F.3d 1151, 1161 (11th Cir. 2014)(stating that "no combination of Supreme Court holdings compels the conclusion that *Hall* is retroactive to cases on collateral review . . . because *Hall* merely provides new procedures for ensuring that States do not execute members of an already protected group"). Therefore the conclusion in the Report that *Hall* and Brumfield are not to be applied retroactively to this case is in error and is hereby WITHDRAWN. Judge Frost's Opinion and Order of April 21, 2016, should be modified to accept the applicability of *Hall* and *Brumfield* to this case.

6

**What is the Effect of Applying *Hall* and *Brumfield* to this Case?**

Even though this case is before the Court on a general remand from the Sixth Circuit, the Court's judgment of September 28, 2011, remains final. That is to say, even if this Supplemental Report and Recommendations is adopted by Judge Barrett, the only changes to the final judgment will be (1) Judge Frost's decision that the Gelbort Affidavit is barred by *Pinholster* and (2) the determination that *Hall* and *Brumfield* apply to this case generally without any conclusion as to what difference that makes. As the Report notes, Petitioner's argument about the applicability of those cases is very cursory.

It is accordingly ORDERED that Lynch file any motion he may wish the Court to consider under Fed. R. Civ. P. 60(b), arguing the applicability of *Hall* and *Brumfield* to this case not later than September 1, 2016.

July 28, 2016.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).