IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

RALPH LYNCH,

            Petitioner,    :    Case No. 2:07-cv-948

  - vs -                             District Judge Michael R. Barrett
                                      Magistrate Judge Michael R. Merz

STEWART HUDSON, Warden,

                                 :
            Respondent.

## SUBSTITUTED REPORT AND RECOMMENDATIONS; SCHEDULING ORDER

This capital habeas corpus case is before the Court on Objections both by Respondent (ECF No. 111) and by Petitioner (ECF No. 112) to the Magistrate Judge's Supplemental Report and Recommendations (ECF No. 110) as to the appropriate disposition of Petitioner's Motion to Alter or Amend (ECF No. 104) Judge Frost's Opinion and Order of April 21, 2016 (ECF No. 101). Judge Barrett has recommitted the matter for reconsideration in light of the Objections (ECF No. 114). To simplify review, the Magistrate Judge WITHDRAWS the Report and Recommendations (ECF No. 106) and Supplemental Report and Recommendations (ECF No. 110) and treats all issues raised by the parties in this one Substituted Report.

**Procedural History**

Judge Gregory Frost entered final judgment in this case denying habeas corpus relief on

September 28, 2011, but granted a certificate of appealabiliy on eight grounds for relief.  While the appeal was pending, Lynch filed a petition for post-conviction relief in the Hamilton County Court of Common Pleas.  The Sixth Circuit stayed the appeal pending completion of those state court proceedings.  After those proceedings concluded unsuccessfully, Lynch requested and received a remand from the Sixth Circuit on February 20, 2015 (ECF No. 87).

In seeking remand, Lynch indicated that the stay had been entered to allow him to "complete[] the exhaustion of Dr. Gelbort's report and affidavit and the corresponding claims." (Motion to Remand, Doc. No. 75, 6th Cir. case No. 11-4175).  Now that he had completed the state court litigation, he sought remand because he believed he had "satisf[ied the holding in *Pinholster*." *Id.*  In his Reply in Support of Remand, he argued *Pinholster* had become irrelevant "because he has now presented all of his evidence to the state courts including the affidavit of Dr. Gelbort which was the focus of the state court proceedings." (Reply, Doc. No. 77, 6th Cir. Case No. 11-4175).

The remand order is opaque as to the issues to be considered on remand.  Judge Frost understood the "remand issue" to be "whether [the Court] may consider the Affidavit and Report of neuropsychologist Dr. Michael Gelbort as it relates to the adjudication of several of Petitioner's claims." (Opinion and Order, ECF No. 101, PageID 1956).  Judge Frost decided that *Cullen v. Pinholster,* 563 U.S. 170 (2011), barred use of the Gelbort Affidavit in these proceedings.  In addition to that conclusion, Judge Frost noted

> [T]he Court is compelled to take note of one argument that Petitioner advances in support of his claim that he is intellectually disabled and therefore ineligible for the death penalty. Petitioner asserts in his Reply that even if *Pinholster* precludes consideration of Dr. Gelbort's materials on that issue, this Court should nonetheless re-visit its decision denying his claim because "the Supreme Court cases decided since this Court's initial opinion support the conclusion that Lynch suffers from significantly

2

> subaverage intellectual functioning." (ECF No. 100, at Page ID # 1949 (discussing *Hall v. Florida,* 134 S.Ct. 1986 (2014); and *Brumfield v. Cain*, 135 S.Ct. 2269 (2015).) The Court will not address that argument, as it falls outside the scope of the Sixth Circuit's limited remand.

*Id.* at PageID 1963-64. The Magistrate Judge has concluded, however, that the Sixth Circuit Remand Order was general rather than limited because it did not "explicitly outline the issues to be addressed by the district court and create a narrow framework within which the district court must operate." (ECF No. 106, PageID 1978, citing *United States v. Hunter,* 646 F.3d 272, 374 (6th Cir. 2011, quoting *United States v. Obi,* 542 F.3d 148, 154 (6th Cir. 2008). Neither party has objected to that conclusion.

Petitioner filed the instant Motion to Alter or Amend under Fed. R. Civ. P. 59(e), contending the failure to consider *Hall* and *Brumfield* was "clear error." To prevail on a Rule 59(e) motion, in the absence of newly-discovered evidence, a party must establish a manifest error of law. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Lynch relies on *Van Tran v. Colson*, 764 F.3d 594 (6th Cir. 2014), and *Williams v. Mitchell*, 792 F.3d 606 (6th Cir. 2015) (ECF No. 104, PageID 1969), to establish that Judge Frost committed clear error in not considering *Hall* and *Brumfield*.

In *Williams* the Sixth Circuit repeated the rule that "[t]he phrase 'clearly established Federal law' in § 2254(d)(1) 'refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state court decision." 792 F.3d at 612, quoting *Williams v. Taylor,* 529 U.S. 362, 412 (2000). See also *Bunch v. Smith*, 685 F.3d 546, 549 (6th Cir. 2012), *citing Greene v. Fisher*, 565 U.S. 34 (2011). But then it proceeded to apply *Hall* and *Brumfield* to determine that the Ohio court of appeals' decision that Williams was not

3

intellectually disabled was contrary to clearly established Federal law. *Id.* at 620-21. The decision it was reviewing, the "last state court decision on the merits," is *State v. Williams*, 2008-Ohio-3257, 2008 Ohio App. LEXIS 2804 (11th Dist. June 27, 2008). *Hall* was decided May 27, 2014, and *Brumfield* June 18, 2015. Plainly they were not clearly established Federal law when the Eleventh District decided *Williams* in 2008, many years before *Hall* and *Brumfield* were decided.

Both the majority and dissenting opinions in *Williams* treat *Hall* as "clearly established Federal law" violated by the Eleventh District's decision (see Judge Gibbons' dissent, 792 F.3d at 625). But neither opinion discusses *Teague v. Lane*, 489 U.S. 288 (1989), or its progeny. Subject to two narrow exceptions, under *Teague* a case that is decided after a defendant's conviction and sentence become final may not provide the basis for federal habeas relief if it announces a new rule. *Graham v. Collins*, 506 U.S. 461 (1993); *Stringer v. Black,* 503 U.S. 222 (1992). A Supreme Court decision announces a new rule where the issue addressed was susceptible to debate among reasonable minds. *Butler v. McKellar,* 494 U.S. 407, 412-415 (1990). A new rule is "a rule that ... was not *dictated* by precedent existing at the time the defendant's conviction became final." *Saffle v. Parks*, 494 U.S. 484, 488 (1990), *quoting Teague v. Lane*, 489 U.S. 288, 301 (1989)(emphasis in original).

Lynch argues that *Hall* does not announce a new rule and therefore may be applied retroactively (Objections, ECF No. 107, PageID 1986). Rather, "the case that announced a new rule was *Atkins v. Virginia*, 536 U.S. 304 (2002). *Id.* Lynch goes so far as to say "the holding in *Hall* was dictated by the ruling in *Atkins*." *Id.*

The Supreme Court in *Hall* did not discuss *Teague* nor did it suggest its decision was "dictated" by *Atkins*. Justice Alito in dissent (joined by Justices Scalia, Thomas, and the Chief

4

Justice) read the majority opinion as overruling that part of *Atkins* which held that the Eighth Amendment does not mandate the use of a single method for identifying intellectually disabled capital defendants. 134 S. Ct. at 2002. *Hall* is appropriately read as requiring that States take into account the standard error of measurement when determining if a capital defendant is intellectually disabled. That was certainly not the law before *Hall*. *Atkins* adopted the general substantive rule that the intellectually disabled may not be executed, but left to the States how to define intellectual disability. In *Hall*, however, Justice Kennedy wrote "[t]he question this case presents is how intellectual disability must be defined in order to implement these principles and the holding of *Atkins*." *Id.* at 1993.

The question whether a Supreme Court decision states a "new" rule that may not be applied retroactively is difficult to decide in a manner that would compel agreement. In *Hall* itself four Justices dissented, strongly suggesting that the decision announced a new rule. See *Beard v. Banks*, 542 U.S. 406 (2004), suggesting that when the rule in question is announced by a closely divided Court, it is not likely to be applied retroactively. Neither *Van Tran* nor *Williams* holds that *Hall* or *Brumfield* is to be applied retroactively. *Williams* proceeds on that assumption without stating why it is doing so, in light of *Williams v. Taylor*.

*Van Tran* also does not hold that *Hall* is required to be applied retroactively. It cites *Hall* for the change from "mental retardation" to "intellectual disability" in nomenclature and for the general proposition that the Eighth Amendment prohibits execution of the intellectually disabled. 764 F.3d at 597, 604. More on point, it found *Hall* "buttressed" the Tennessee Supreme Court's opinion that Tennessee courts are to make the required fact-intensive findings regarding intellectual disability "with the assistance of experts in the field." *Id.* at 612, citing *Coleman v. State,* 341 S.W. 3d 221, 244 (Tenn. 2011).

5

It is not at all clear to this Court that Hall does not state a new rule, albeit one less general than *Atkins*. In the interest of judicial economy, however, the Court believes it can treat *Hall* and *Brumfield* as if they were retroactively applicable and apply them to this case without prejudice to the State. This case is already before the Sixth Circuit on appeal. If there is a firm holding by the Sixth Circuit or the Supreme Court that *Hall* and *Brumfield* are to be applied retroactively before this case reaches final judgment on appeal, the Sixth Circuit will already have the benefit of this Court's analysis of the impact of those two cases and can accept or reject that analysis without further remand. Conversely, if it is firmly decided that *Hall* and *Brumfield* are not to be applied retroactively, the only harm done will have been this Court's having spent time needlessly deciding their impact.

The Magistrate Judge therefore recommends that Judge Frost's April 21, 2016, Opinion and Order be amended to permit this Court to consider the impact of *Hall* and *Brumfield* as if they apply retroactively.

**Current Fed. R. Civ. P. 59(e) or New Fed. R. Civ. P. 60(b) Motion?**

This Court's judgment of September 28, 2011, denying habeas corpus relief is a final judgment, else it would not have been appealable. That judgment has not been vacated or modified by any court. The Sixth Circuit's general remand returns jurisdiction to this Court to modify its judgment on proper motion. The Magistrate Judge had previously reasoned that any application of Hall and Brumfield to this case would have to be by way of a motion for relief from judgment under Fed. R. Civ. P. 60(b)(Supp R&R and Scheduling Order, ECF No. 110, PageID 1999). Petitioner objected, asserting no separate motion was required, but offering to

6

provide further briefing if that were considered necessary (ECF No. 112, PageID 2005).

It appears to the Court that Petitioner's Merit Brief on Remand Issue (ECF No. 92) in which he previously argued the applicability of Hall and Brumfield was filed with the expectation that Judge Frost would consider on remand the evidence filed in the successive state court post-conviction proceedings which he concluded was impermissible under *Pinholster* (ECF No. 101).  The Court has on September 2, 2016, ordered that the record in this case be digitized.  Not later than fourteen days after the digitized record is filed, Petitioner may file a supplemental memorandum arguing how *Hall* and *Brumfield* impact Lynch's case.  The Warden may respond not later than fourteen days after Lynch files his supplemental memorandum.  Because Lynch will not be filing a motion, the briefing rules at S. D. Ohio Civ. R. 7.2 are not involved and Lynch may not file a reply to the Warden's response without Court permission.

The Magistrate Judge will file a supplement to this Substituted Report and Recommendations recommending to Judge Barrett an appropriate disposition of Lynch's arguments as to how *Hall* and *Brumfield* apply to this case.

September 2, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected

to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).