**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

RALPH LYNCH,

        Petitioner,    :    Case No. 2:07-cv-948

- vs -                         **District Judge Michael R. Barrett
                                            Magistrate Judge Michael R. Merz**

STEWART HUDSON, WARDEN,

                                            :

        Respondent.

## SECOND SUPPLEMENT TO SUBSTITUTED REPORT AND RECOMMENDATIONS

      This case is before the Court on Petitioner's Objections (ECF No. 133) to the Magistrate Judge's Supplement to Substituted Report and Recommendations (ECF No. 130). Respondent filed a Response to the Objections (ECF No. 135) and Judge Barrett has recommitted the case for reconsideration in light of the Objections (ECF No. 134). Petitioner has also filed a Notice of Supplemental Authority (ECF No. 136), calling the Court's attention to *Moore v. Texas*, ___ U.S. ___, 137 S. Ct. 1039, 197 L. Ed. 2d 416 (2017).

      In *Atkins v. Virginia*, 536 U.S. 304 (2002), the Supreme Court held as a substantive matter that execution of the intellectually disabled[1] constitutes cruel and unusual punishment in violation of the Eighth Amendment. However, the Court left to the States adoption of procedures for determining which persons were intellectually disabled and therefore exempt from the death penalty. See *Bies v. Bobby*, 556 U.S. 825 (2009). In Ohio death row inmates were

---

[1] The Court used the term "mentally retarded," but after that term came to be seen as insufficiently respectful, substituted "intellectual disability" but made it clear the terms had the same legal content.

permitted to raise the issue in petitions for post-conviction relief under Ohio Revised Code § 2953.21. The Ohio Supreme Court prescribed the procedure in *State v. Lott*, 97 Ohio St. 3d 303 (2002). Petitioner had a post-*Atkins* proceeding under Ohio Revised Code § 2953.21 which concluded on October 24, 2005, and found that Petitioner is not intellectually disabled (ECF No. 68, PageID 1042-43).

On April 21, 2016, just before his retirement, Judge Gregory Frost resolved the issue remanded to this Court by the Sixth Circuit (ECF No. 101). Within two weeks after Judge Frost's retirement, Petitioner filed the pending Motion to Alter or Amend under Fed. R. Civ. P. 59(e)(ECF No. 104). Petitioner claimed Judge Frost was in error in refusing to apply *Hall v. Florida*, 134 S. Ct. 1986 (2014), to this case on the basis that that was outside the scope of the remand. *Id.* at PageID 1969. The Magistrate Judge then determined that the remand was general in scope and directed Petitioner to brief the application of *Hall v. Florida*, 134 S. Ct. 1986 (2014), and *Brumfield v. Cain*, 135 S. Ct. 2269 (2015), to this case, assuming hypothetically that they are applicable retroactively to cases on collateral review[2] (ECF No. 118, PageID 2026).

After the parties filed their memoranda on the applicability of *Hall* and *Brumfield*, the Magistrate Judge filed the Supplement to Substituted Report and Recommendations which is the subject of the present Objections.

In the Supplement, the Magistrate Judge attempted to distinguish the holdings of *Hall* and *Brumfield* from the dicta in those cases and concluded neither decision would have any impact in this case because (1) unlike Florida, Ohio does not have a rigid IQ score cut-off and (2) unlike Louisiana, Ohio gave Lynch a post-*Atkins* hearing on this intellectual disability claim (ECF No. 130, PageID 9380-82).

---

2 The Magistrate Judge is of the opinion that retroactive application of *Hall* and *Brumfield* is barred by *Teague v. Lane*, 489 U.S. 288 (1989), because neither creates a new substantive constitutional right nor recognizes a new "watershed" rule of criminal procedure. Since this case is already on appeal from Judge Frost's 2011 decision on the merits, the hypothetical assumption of applicability is made to avoid the need for further remand from the circuit court.

The Supplement then lays out in detail what Lynch claims are the applicable holdings of *Hall* and *Brumfield* and why those items from the *Hall* and *Brumfield* decisions are not part of the holdings in those cases (Supplement, ECF No. 130, PageID 9382-86).

In the Objections, Petitioner discusses ways the Supreme Court in *Hall*, *Brumfield*, and other cases has discussed current science in arriving at its conclusions (ECF No. 133, PageID 9407-10). Ultimately in Objection #6, "Petitioner objects to the Magistrate's determination that only the holdings in cases 'count.'" *Id.* at 9412. The Magistrate Judge agrees with Petitioner that that statement is "too summary." What the Supplement should have said is that only holdings of the Supreme Court "count" as clearly established law for habeas corpus cases. And that is not this Court's determination, but the decision of the Supreme Court itself. *Lockyer v. Andrade*, 538 U.S. 63, 71 (2003); *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014); *Woods v. Donald*, 575 U.S. ___, 135 S. Ct. 1372, *; 191 L. Ed. 2d 464 (2015); *Virginia v. LeBlanc*, 582 U.S. ___, 198 L. Ed. 2d 186 (June 12, 2017).

For the reasons stated in the Supplement, none of the propositions relied on by Petitioner from *Hall* or *Brumfield* are part of the holdings in those cases.

In his Objection #8, Petitioner "objects to the Magistrate-Judge's conclusion that Lynch thinks *Hall* and *Brumfield* entitled him to a *de novo* review of his intellectual disability claim." (ECF No. 133, PageID 9414.) What Lynch demands instead is that this Court, instead of conducting a *de novo* review itself, remand the case to the state courts and order that they apply the current science of intellectual disability to deciding whether Petitioner is intellectually disabled or not. *Id.* The result of adopting that rule would be that any time the science applicable to a conviction changes after the conviction becomes final, the habeas petitioner would be

3

entitled to start over in the state courts and finality would be circumvented.[3]  Since intellectual disability is a subject of current scientific interest, it seems likely, if this rule were adopted, that new science could lead to repeated remands to the state courts.

The Magistrate Judge has no doubt of the authority of the Supreme Court to make standard error of measurement (SEM) or the Flynn Effect or other parts of the science of intellectual disability as part of the substantive right not to be executed if one is intellectually disabled.  But it has not done so in *Hall* or *Brumfield*.

*Moore v. Texas*, *supra*, was handed down March 28, 2017, after Petitioner's Objections became ripe.  In *Moore* a state habeas court, apparently considering the question for the first time and *de novo*, found in 2014 that Moore was intellectually disabled, applying, *inter alia*, the 2010 11th edition of the clinical manual of the American Association on Intellectual Disability and the 2013 Diagnostic and Statistical Manual of the American Psychiatric Association (the "DSM 5"). The Texas Court of Criminal Appeals reversed, holding the state habeas court should instead have applied the earlier 9th edition of the AAID Manual.  The Supreme Court reversed, holding that "the medical community's current standards supply one constraint on the States' leeway" in determining intellectual disability for *Atkins*' purposes. 137 S. Ct. at 1053.

Nowhere in *Moore* does the Court suggests its decision is retroactively applicable to cases pending on collateral review.  Under *Teague v. Lane*, *supra*, it is not because it is neither a new substantive constitutional rule nor a watershed procedural rule.  Applying *Moore* retroactively would lead to repeated intellectual disability determinations in the same case whenever the medical consensus changed.  No doubt the Supreme Court has the power to declare that Moore must be applied retroactively, but it has not done so as yet.

---

3 It is hardly surprising that a death row inmate prefers a remand with an order to redetermine intellectual disability to a *de novo* proceeding in habeas court.  A remand, given this Court's experience, is likely to take two years or more.

**Conclusion**

Having reconsidered the matter in light of the Objections and in light of *Moore v. Texas*, *supra*, the Magistrate Judge again respectfully recommends the District Court deny Lynch's Motion to Amend (ECF No. 104) and advise the Sixth Circuit that the remand has been completed, so that it may resume its review on the merits.

August 9, 2017.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).